**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOYCE ANN BIGGS, | No. 12-17498 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00692-CMK |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted February 9, 2015**
San Francisco, California

Before: THOMAS, Chief Judge, and TASHIMA and McKEOWN, Circuit Judges.

Joyce Biggs appeals the district court's judgment affirming the ALJ's denial

of her application for social security disability benefits. The ALJ followed the

five-step process and found her not disabled at step five, because significant jobs

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

existed in the national economy that Biggs could still perform. Reviewing the ALJ's findings for substantial evidence, *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005), we affirm.

Biggs first contends that the ALJ erred by failing to resolve conflicts in the medical opinion testimony. We disagree. As the district court correctly concluded, the ALJ thoroughly reviewed the expert testimony and laid out specific and objective reasons for crediting the agency physician. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Biggs next challenges the ALJ's finding that her testimony was not credible. Substantial evidence supported the ALJ's conclusion that Biggs exaggerated her symptoms. The ALJ's credibility finding was supported by medical testimony and other evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (noting that where "the ALJ's finding is supported by substantial evidence, the court 'may not engage in second-guessing'" (internal citation omitted)).

Substantial evidence likewise supported the ALJ's ultimate determination that Biggs had the residual functional capacity to perform light unskilled work. The ALJ properly relied on the testimony of the state agency physician and the vocational expert, as well as other record evidence.

Finally, the Appeals Council did not err by declining to conduct further review of Biggs's case, because the new evidence submitted by Biggs did not affect the ALJ's conclusion as to her ability to perform light unskilled work.

**AFFIRMED.**